UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| CHRISTOPHER LEE HOOPES ) | Bankruptcy Case No. 11-17449 EEB |
| and ROSWITTA ELEANORE HOOPES, ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| GLENN J. HERTZLER and ) | |
| CAROL A. HERTZLER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 11-01477 EEB |
| ) | |
| CHRISTOPHER LEE HOOPES ) | |
| ) | |
| Defendant. ) | |

---

**ORDER DENYING MOTION TO DISMISS**

---

THIS MATTER comes before the Court on Defendant's Motion to Dismiss and the Response thereto filed by Plaintiffs (the "Hertzlers"). For the reasons discussed below, the Court finds that the Motion to Dismiss should be DENIED.

In their complaint, the Hertzlers claim they paid Defendant, a general contractor, for materials furnished to, and services performed for, the construction of the Hertzlers' residence. The Hertzlers claim that Defendant failed to pay subcontractors the funds that were specifically allocated to pay subcontractor bills, resulting in mechanics liens on the Hertzlers' residence. The Hertzlers allege claims under Colo. Rev. Stat. § 38-22-127 (mechanics lien statute), Colo. Rev. Stat. § 18-4-405 (theft), and 11 U.S.C. § 523 (a)(4).

Defendant filed a Motion to Dismiss pursuant to *Stern v. Marshall*, 131 S.Ct. 2594 (2011), and Fed. R. Civ. P. 9(b), made applicable to these proceedings by Fed. R. Bankr. P. 7009. The Hertzlers responded that *Stern* does not apply to their claims, and that they have alleged fraud with sufficient particularity.

In *Stern v. Marshall*, the Supreme Court concluded that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." 131 S.Ct. at 2620. The Supreme Court itself recognized the limitation of this holding, clearly stating that "Congress, *in one isolated respect*, exceeded [the] limitation in the Bankruptcy Act of 1984" to enter final orders. *Id. (emphasis added)*.

The United States District Court for the District of Colorado recently held that *Stern* should be interpreted narrowly. *See Mercury Co., Inc. v. FNF Security Acquisition, Inc.*, __ F. Supp. 2d __, 2011 WL 5127613, at *4 (D. Colo. 2011) ("Defendants cite case law describing *Stern* as a 'watershed' decision, and a 'bombshell.' However, the Supreme Court's holding in *Stern* . . . was explicitly narrow." *See also In re Salander O'Reilly Galleries*, 453 B.R. 106, 117 (Bankr. S.D.N.Y. 2011) ("Nowhere . . . does the Supreme Court rule that the bankruptcy court may not rule with respect to state law when determining a proof of claim in the bankruptcy, or when deciding a matter directly and conclusively related to the bankruptcy. The automatic stay, the estate, and the discharge were created by Congress pursuant to its Article I power to enact bankruptcy law.")

As the Hertzlers note in their response, numerous opinions in this Court have applied the Colorado mechanics lien statute, have acknowledged jurisdiction to determine such cases, and determined debts to be nondischargeable in bankruptcy: *In re Gill*, 2011 WL 3236173 (Bankr. D. Colo. 2011); *In re Brennan*, 449 B.R. 114 (Bankr. D. Colo. 2011); *In re Gamboa*, 400 B.R. 784 (Bankr. D. Colo. 2008). Further, whether a fiduciary duty is breached in the context of § 523(a)(4) is clearly a matter for the bankruptcy courts, because fiduciary duty is analyzed differently under state law. For instance, in *In re Steele*, 292 B.R. 422 (Bankr. D. Colo. 2003), the court held that generic fiduciary duties of trust and confidence that a director of a corporation has to a shareholder do not rise to the level of fiduciary relationship required by the § 523(a)(4) dischargeabilty exception. Therefore, this Court is not precluded by *Stern* from hearing the Hertzlers' claims for breach of fiduciary duty under the mechanics lien statute.

This Court also rejects Defendants' argument that the Hertzlers have not sufficiently plead fraud with particularity under Fed. R. Bankr. P. 7009. The Court finds that the complaint presents allegations sufficient to allow Defendants to defend against them, in the context of § 523(a)(4). *See generally In re Edmonds*, 924 F.2d 176 (10th Cir. 1991); *In re Commercial Fin. Serv. Inc.*, 322 B.R. 440 (Bankr. N.D. Okla. 2003).

Accordingly, the Court hereby ORDERS that the Motion to Dismiss is DENIED. The Court FURTHER ORDERS that Defendants shall file an answer to the Hertzlers' complaint within 14 days of the date of this Order.

DATED this 14th day of November, 2011.

BY THE COURT:

_Elizabeth E. Brown_

Elizabeth E. Brown, Bankruptcy Judge